2CLARENCE E. McMANUS, Judge.
At issue in this case is whether the jury’s damage award to plaintiff for injuries he sustained in a motor vehicle collision was proper in light of the evidence presented at trial. For the following reasons, we increase the damage award.

FACTS AND PROCEDURAL HISTORY

This case arises from a March 4, 1998, motor vehicle collision in which plaintiffs car was rear-ended and knocked forward several feet by a garbage truck owned by Metro Disposal, Inc., operated by Marick Lee and insured by Scottsdale Insurance Company. Plaintiff, Michael Cobena, filed the instant suit against defendants alleging he sustained injuries to his neck, head, back chest, arms, legs, shoulders, muscles, bones, joints, nerves and tissues. These injuries allegedly aggravated his pre-exist-ing physical and mental condition causing *128 him to undergo additional and prolonged medical treatment, physical therapy and mental health counseling.
Plaintiff has a history of other accidents as well as a long history of medical and psychological treatment. In 1987 plaintiff was injured in a head-on collision. [3 He has been disabled since that time and collects disability payments. In 1995, he was involved in a motor vehicle accident in which he suffered a broken rib and neck and back injuries. In 1998, this accident occurred. In 1999, plaintiff was involved in another motor vehicle accident but contends he suffered only minor injuries.
Plaintiffs contention at trial was that he was getting better prior to this accident and that he lost all progress gained thus far and lost all hope of returning to his pre-accident condition. Defendants asserted that plaintiffs long history of physical and mental injuries were only slightly aggravated by this accident, that his complaints of pain were purely subjective and that he failed to provide his treating physicians with a complete medical history calling his credibility into question.
At trial plaintiff presented the testimony of several witnesses. That testimony seemed to echo plaintiffs contention that he was making progress prior to this accident but that this accident set him back dramatically. Additionally, to the extent plaintiff did not provide his physicians with a complete medical history, they testified that it would not have altered their treatment and diagnosis of him. Dr. David Jarrot, plaintiffs treating neurosurgeon, testified that this 1998 accident seriously aggravated plaintiffs pre-existing cervical and lumbar spinal pain and bulging disc at C4-5. Dr. Roger Anastasio, plaintiffs psychiatrist, opined that this accident seriously aggravated plaintiffs preexisting clinical depression. He felt plaintiffs depression would not have worsened if this accident had not occurred. Dr. Ronald Collins, a chiropractor, testified that he treated plaintiff from 1996 through trial. He noted that plaintiff had complaints of pain that were similar to those previously treated for. However, the severity and intensity of pain in the neck and back increased after this accident. He also noted that the frequency of plaintiffs visits increased after this accident. He opined that plaintiff never returned to his pre-accident condition and that plaintiff will always need some [4form of chiropractic care. Prior to this accident, Dr. Collins felt plaintiff was making significant improvement and considered releasing plaintiff from treatment. Plaintiffs physical therapist, Michael Johnston testified the he first saw plaintiff following this accident and that plaintiff was referred to him by Dr. Jarrot. He opined that plaintiffs condition necessitated physical therapy between three and four times a week for a two year period. Plaintiffs father testified that he observed Michael to be less depressed prior to this accident. He noted that Michael began to resume social and everyday activities. However, those activities ceased after this accident. Plaintiffs testimony regarding his condition before the accident was consistent with the other witnesses.
The defendant presented the testimony of its IME doctor, Dr. Robert Applebaum. He examined plaintiff once for thirty minutes, reviewed medical records and agreed that plaintiff was injured in this accident. He also stated that it would not be unusual for plaintiffs pre-existing cervical or lumbar condition to be temporarily aggravated by this accident. However, he believed that plaintiffs continued complaints of pain were not corroborated by any physical or neurological findings. Moreover, he felt plaintiffs injuries could be conservatively treated with minor analgesics and anti- *129 inflammatory medications but would otherwise defer to plaintiffs treating physicians.
Following trial, the jury found that plaintiff was injured as a result of the March 4, 1998, accident and awarded him $2,000.00 for past physical and mental pain and $8,000.00 for past medical expenses. Plaintiff filed a motion for new trial and/or additur. The trial court denied those motions. This appeal followed.

DISCUSSION

Plaintiff contends the jury award was woefully deficient and should be increased because the medical testimony supports a higher damage award. | R Defendant argues that the jury award reflects the fact that it reviewed all of the evidence, did not find plaintiff credible and set the award accordingly.
The fundamental principle of tort liability in Louisiana is that every act “of man that causes damage to another obliges him by whose fault it happened to repair it.” La. Civ.Code art. 2315. Thus, in a negligence action under article 2815, the plaintiff bears the burden of proving fault, causation and damages. Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70. One injured through the fault of another is entitled to full indemnification for damages caused thereby. Id. A defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Id. In this case, we agree with the jury that plaintiff carried his burden of proving fault and causation. However, we disagree with the damage award and find it manifestly erroneous based on the medical testimony and evidence presented at trial.
The assessment of “quantum,” or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. Id. As such, “the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact.” Id. Moreover, before a Court of Appeal can disturb an award made by a factfinder, the record must clearly reveal that the trier of fact abused its discretion in making its award. Id. Only after.making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Id.
Our review of the record demonstrates to us that the jury abused its discretion in only awarding plaintiff $2,000.00 for past physical and mental pain and $8,000.00 for past medical expenses. Plaintiff presented evidence at trial that [fihis medical expenses alone exceeded $50,000.00 and that he was treated for at least two years following the accident. Accordingly, we increase the general damage award to $27,000.00 for past physical and mental pain and affirm the jury award of $8,000.00 for past medical expenses raising the total award to $35,000.00.

CONCLUSION

For the foregoing reasons we amend the jury award to $27,000.00 for past physical and mental pain and affirm the award of $8,000.00 for past medical expenses for a total of $35,000.00.

AFFIRMED AS AMENDED.